IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20167
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IDLEBRANDO GARCIA-GARCIA, also known as
Ildeprando Garcia, also known as Ildebrando Garcia,

                                        Defendant-Appellant.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. H-01-CR-163-1)
_____
February 11, 2003


Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

We affirm for the following reasons:

1.  Appellant Garcia-Garcia waived his right to a jury trial, except insofar as he

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complains that the district court denied him a jury decision on his limitations defense. We assume without deciding that the arguments he now raises were duly preserved for appellate review.

2. A district court errs if it refuses a charge on a defense theory for which there is an evidentiary foundation, and which, if believed, would entitle the defendant to an acquittal. United States v. Maseratti, 1 F.3d 330, 336 (5th Cir. 1993). A defendant generally is entitled to a jury instruction on a recognized defense for which there exists sufficient evidence for a reasonable jury to find in his favor. United States v. Branch, 91 F.3d 699, 711-12 (5th Cir. 1996).

3. For the crime of illegal reentry, we have held that the limitations period begins to run from the time the defendant's "physical presence is discovered and noted by the immigration authorities, and the knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities, can reasonably be attributed to the immigration authorities." United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996). The issue presented is one of law if, like the district court, we assume the factual basis of the defense as alleged by appellant. On appeal, Garcia-Garcia does not claim that the documentation he presented—a border crossing card—at the port of entry should have put immigration authorities on notice that he could not legally enter the country. His argument is that he did not misrepresent his true identity, and that the INS could have conducted a database search of deported aliens and thereby could have discovered his earlier deportation. In effect, appellant would impose a duty on

2

immigration authorities to conduct a computerized background check on every alien who attempts to enter the country by presenting ostensibly valid papers to immigration officials at the border crossing or port of entry.  We hold as a matter of law that, for purposes of the limitations defense and whatever "due diligence" or "reasonable diligence" requirement may be associated with it, such a duty does not exist.

AFFIRMED.